## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

| | | |
|---|---|---|
| Janie Grigsby, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:17-cv-441 |
| Midland Credit Management, Inc., a Kansas corporation, and Midland Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) | Class Action |
| Defendants. | ) | Jury Demanded |

### COMPLAINT

Plaintiff, Janie Grigsby, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

### PARTIES

3. Plaintiff, Janie Grigsby ("Grigsby"), is a citizen of the State of Tennessee, residing in the Eastern District of Tennessee, from whom Defendants attempted to collect a delinquent, time-barred consumer debt, which was allegedly owed for a GE

Capital credit card account.

4. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant MCM operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Tennessee. In fact, Defendant MCM was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails, the telephone and credit reporting in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Defendant Midland operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Tennessee. In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister company, Defendant MCM. Defendant Midland's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Defendants MCM and Midland are both authorized to conduct business in

Tennessee, and maintain registered agents here, see, records from the Tennessee Secretary of State, see, attached Group Exhibit A. In fact, Defendants MCM and Midland conduct business in Tennessee.

8. Defendant MCM is licensed as a debt collection agency in the State of Tennessee, see, record from the Tennessee Department of Commerce & Insurance Administration, see, attached Exhibit B. In fact, Defendant MCM acts as a collection agency in Tennessee.

## FACTUAL ALLEGATIONS

9. More than 6 years ago, Ms. Grigsby fell behind on paying her bills, including a debt she allegedly owed for a GE Capital Retail Bank credit card account. Sometime after that debt became defaulted, the debt was allegedly acquired by Midland, who tried to collect upon it by having its sister company, MCM, send her a form collection letter, dated June 7, 2017. A copy of this collection letter is attached as Exhibit C.

10. This letter repeatedly urged her to pay the debt, via various settlement options, and promised her "Benefits of Paying Your Debt". The letter belatedly stated:

\* \* \*

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

\* \* \*

However, the letter failed to state which entity had chosen not to sue, just MCM or MCM and Midland, and it failed to state that, in fact, MCM and Midland could not sue. Moreover, by stating that "[I]f you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid", Defendants clearly threatened Ms. Grigsby

3

with negative consequences if she did not pay the debt, which rendered any message about a decision not to sue ineffective, see, Exhibit C.

11. In fact, neither Defendant could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Tennessee, namely Tennessee Code Annotated, §28-3-109(a)(3) (six years after the cause of action accrued).

12. In fact, there are no "savings" or "benefits" to be realized in paying a time-barred debt.

13. The failure of Defendants to disclose effectively that both Defendants could not sue is material. The lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants that the debt needed to be paid.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Hartman v. Great Seneca Financial Corp., 569 F.3d 606, 612 (6th Cir. 2009).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the

4

collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

18. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA. See, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

19. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Defendants could not sue on the debt; b) they did not specify who had chosen not to sue; and c) they falsely claimed that payment would result in benefits and savings. Thus, Defendants' form letter violates § 1692e of the FDCPA, including § 1692e(2)(A) and § 1692e(5).

20. These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

21. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

5

# COUNT II
# Violation Of § 1692f Of The FDCPA --
# Unfair Or Unconscionable Collection Actions

22. Plaintiff adopts and realleges ¶¶ 1-15.

23. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Defendants could not sue on the debt; c) they did not specify who had chosen not to sue; and c) they wrongly claimed that payment would result in benefits and savings. Defendants, by attempting to collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

25. These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay the debt to avoid being sued or being credit reported, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

26. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

27. Plaintiff, Janie Grigsby, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Tennessee from whom Defendants attempted to collect a defaulted, time-barred consumer debt, allegedly owed for a GE Capital credit card account, via the same form collection letter (Exhibit

6

C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

28. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Grigsby, in their attempts to collect delinquent consumer debts from other consumers.

29. The Class consists of more than 50 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Grigsby.

30. Plaintiff Grigsby's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

32. Plaintiff Grigsby will fairly and adequately protect and represent the

7

interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Grigsby has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Janie Grigsby, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Grigsby as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Grigsby and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Janie Grigsby, individually and on behalf of all others similarly situated, demands trial by jury.

> Janie Grigsby, individually and on behalf of all others similarly situated,
>
> By: /s/ David J. Philipps
> One of Plaintiff's Attorneys

Dated: October 6, 2017

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Cynthia T. Lawson
Heather E. Banks
Bond, Botes & Lawson, P.C.
6704 Watermour Way
Knoxville, Tennessee 37912
(865) 938-0733
(865) 938-7931 (FAX)
cynthialawson@bbllawgroup.com
heatherbanks@bbllawgroup.com